IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KWAITEL JACKSON                                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 4:18cv181-SA-JMV

CITY OF LELAND, LELAND POLICE DEPARTMENT;
MAYOR KENNY THOMAS, Individually and in his Official
Capacity; CHIEF BILLY BARBER, Individually and in his
Official Capacity; OFFICER COREY WEATHERSPOON,
Individually and in his Official Capacity, and
DEFENDANTS A-D                                                                                   DEFENDANTS

**MEMORANDUM IN SUPPORT OF OFFICER COREY WEATHERSPOON'S MOTION
FOR JUDGMENT ON THE PLEADINGS AND FOR QUALIFIED IMMUNITY**

COMES NOW Officer Corey Weatherspoon ("Officer Weatherspoon"), one of the defendants herein, by and through undersigned counsel, and files his Memorandum Brief in Support of his Motion for Judgment on the Pleadings on the state-law claims asserted against him pursuant to Federal Rule of Civil Procedure 12(c) and for Qualified Immunity on the federal law claims, as follows:

I. INTRODUCTION

Plaintiff Kwaitel Jackson was arrested in early August of 2016 after he assaulted Officer Weatherspoon during a routine investigation in Leland, Mississippi. Exhibit "B" to the Motion. Plaintiff has alleged that Officer Weatherspoon committed an "unlawful assault" against him in effectuating the arrest, and that he "was not breaking any laws and there was no warrant for his arrest" at that time. Doc. #2, ¶7. Plaintiff's Complaint lists causes of action for "negligence, gross negligence, negligent hiring and retention, negligent supervision and training, intentional infliction of emotional distress, and negligent infliction of emotional distress." *Id*. at 1. Plaintiff has now asserted that the Complaint's references to the violation of and/or disregard for his

"rights" implicates claims arising under the United States Constitution. Exhibit "A" to the Motion.

The state-law claims against Officer Weatherspoon must be dismissed on the pleadings because Officer Weatherspoon is immune and because the claims are time-barred. Officer Weatherspoon is entitled to qualified immunity regarding the Plaintiff's federal claims against him in his individual capacity, and any official-capacity claims must be treated as claims against the municipality.

## II. LAW AND ARGUMENT

**A.   The state-law claims against Officer Weatherspoon must be dismissed.**

1.   <u>Officer Weatherspoon is immune from the Plaintiff's claims against him pursuant to the MTCA.</u>

Plaintiff's state-law claims against Officer Weatherspoon in his official capacity are subject to and barred by the protections, limitations, and immunities of the Mississippi Tort Claims Act ("MTCA"), as codified at Miss. Code Ann. § 11-46-1, *et seq*. The MTCA is the exclusive route for filing suit against a governmental entity and its employees in Mississippi. *See* Miss. Code Ann. § 11-46-7(1). Accordingly, the MTCA is the sole authority that governs the rights and liabilities of the parties as to the state-law claims.

To the extent an officer acts pursuant to and within the scope of his employment, he is immune from individual liability, as provided by the MTCA:

> An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties.

Miss. Code Ann. § 11-46-7(2). If the act occurred at the time and place of employment, there is a rebuttable presumption that the employee was acting within the course and scope of employment. Miss. Code Ann. § 11-46-5(3). Here, Officer Weatherspoon was on-duty investigating a crime for which Plaintiff was the suspect; thus, he was acting within the course and scope of his employment with the City of Leland at all times relevant to this action. Since he was acting within the scope of his duties, Officer Weatherspoon is immune from any claims that may be asserted against him individually.

2. <u>The Plaintiff's claims must be dismissed due to the expiration of the one-year statute of limitations for claims arising under the MTCA.</u>

All actions brought under the MTCA must be commenced within one year of the tortious conduct. Miss. Code Ann. § 11-46-11(3)(a). The incident occurred "on or about August, 2016." Doc. #2, ¶7. The Plaintiff did not file his Notice of Claim until September 13, 2017, after the expiration of one year. He did not file his suit until April 23, 2018. Because the Plaintiff did not commence his action within the period of limitation, his state-law claims are time-barred and must be dismissed.

3. <u>In the alternative, the claims must be dismissed pursuant to the one-year statute of limitations for intentional torts.</u>

The Plaintiff has alleged that Officer Weatherspoon committed an "unlawful assault" against him. Complaint ¶¶ 3-4. Even if the Court construes the Plaintiff's Complaint to allege conduct beyond the scope and course of employment, and therefore beyond the reach of the MTCA, the claims are still time-barred by the one-year statute of limitations for intentional torts. Miss. Code Ann. § 15-1-35 provides, "[a]ll actions for assault, assault and battery, maiming, false imprisonment, malicious arrest… shall be commenced within one (1) year next after the cause of such action accrued, and not after." The Mississippi Supreme Court has also held that

the tort of intentional infliction of emotional distress is fairly embodied within the causes of action listed under the statute. *Jones v. Fluor Daniel Servs. Corp.*, 32 So. 3d 417, 423 (¶ 26) (Miss. 2010).

Further, Plaintiff cannot avoid the one-year limitation by labeling his claims as mere negligence:

> It is well-settled in this state that claims for intentional torts of assault and battery fall under the restrictions of Mississippi Code Section 15–1–35. Moreover, just as this Court does not recognize claims of "negligent assault," it accordingly does not recognize claims for intentional torts veiled in a cloak of negligence.

*Sanderson Farms, Inc. v. McCullough*, 212 So. 3d 69 (Miss. 2017) (citing *Jordan v. Wilson*, 5 So. 3d 442, 447 (Miss. Ct. App. 2008)). Negligence is insufficient to state a claim against a police officer under the MTCA, as the standard requires reckless disregard.

As discussed above, the Plaintiff did not commence his action within the prescribed one-year period. Thus, regardless of whether the Complaint is construed to state claims against Officer Weatherspoon for acts within or beyond the scope of his employment, the Plaintiff's claims are time-barred. The Plaintiff can show no set of facts under which he might prevail, and dismissal is proper. *See Breland v. Forrest Cty. Sheriff's Dep't*, No. 2:10-CV-303-KS-MTP, 2013 WL 1623997 at *14 (S.D. Miss. Apr. 15, 2013) (holding that the plaintiff's claims were time-barred whether they were considered under the MTCA or Miss. §15-1-35).

### B. Officer Weatherspoon is entitled to qualified immunity in his individual capacity as to the Plaintiff's federal claims.

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity protects defendants, individually,

4

"insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19, 102 (1982); *Cantu v. Rocha*, 77 F.3d 795, 805-06 (5th Cir. 1996). Qualified immunity "protects all public officers from individual liability except those who are plainly incompetent or who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 340 (1986); *Hodorowski v. Ray*, 844 F.2d 1210, 1216 (5th Cir. 1988). Once a defendant asserts a good faith qualified immunity defense, the burden shifts to the plaintiff to show that the defense is inapplicable. *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).

At the time of the incident, Officer Weatherspoon was on-duty as a narcotics investigator and investigating the Plaintiff's suspected possession and intent to sell crack-cocaine. Exh. "B." Officer Weatherspoon approached the Plaintiff late at night in a store in Leland and asked the Plaintiff to come outside with him for further questioning, but the Plaintiff refused. *Id.* When Officer Weatherspoon approached the Plaintiff during questioning, the Plaintiff shoved him. *Id.* Officer Weatherspoon then attempted to gain control of the Plaintiff's hands, but the Plaintiff fought Officer Weatherspoon violently. *Id.* The two wrestled to the ground and exchanged blows, but the Plaintiff eventually broke free and ran to a nearby storage room. *Id.* The Plaintiff emerged after back-up officers arrived. Before the Plaintiff could be handcuffed, he jumped on Officer Weatherspoon from behind and assaulted him again. *Id.*

Officer Weatherspoon's use of force was in self-defense, in direct response to a rapidly-evolving situation, and in the interest of officer and public safety. Officer Weatherspoon used minimal force in his attempts to subdue the Plaintiff as he did not use a weapon—brass knuckles or otherwise. Officer Weatherspoon's actions were objectively reasonable, and he is entitled to qualified immunity. Since Officer Weatherspoon has met the initial burden to plead his good

faith, the burden shifts to Plaintiff to rebut the qualified immunity defense by establishing that the official's conduct violated clearly established Constitutional law. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

      **C.**    **The official-capacity claims against Officer Weatherspoon are redundant claims against the municipality.**

Official capacity suits "generally represent only another way of pleading an action against an entity of which the officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Graham*, 473 U.S. at 166. It is not a suit against the official personally, for the real party in interest is the entity. *Id.* Thus, the claims against Officer Weatherspoon in his official capacity, if any, are to be analyzed as claims against the municipality.

## IV. CONCLUSION

As to the state-law claims, Officer Weatherspoon is immune from suit in his individual capacity pursuant to the MTCA because he was acting within the course and scope of his employment. The Plaintiff's claims are also time-barred due to the expiration of the one-year statute of limitations under the MTCA. Even if the conduct alleged by the Plaintiff fell outside the protection of the MTCA, the one-year statute of limitations for intentional torts mandates dismissal. Because there is no set of facts under which Plaintiff may prevail, dismissal of the Plaintiff's state-law claims is appropriate on the pleadings. Officer Weatherspoon is entitled to qualified immunity in his individual capacity from any federal claims against him. Any federal claims against Officer Weatherspoon in his official capacity are not actionable against him and are tantamount to claims against the City of Leland. Since Plaintiff cannot prove any set of facts

entitling him to relief, this case should be dismissed with prejudice against Officer Weatherspoon.

WHEREFORE, PREMISES CONSIDERED, Officer Weatherspoon respectfully requests that the Court grant his Motion for Judgment on the Pleadings and for Qualified Immunity. Defendant further prays for such additional relief as the court deems just and proper.

                                                Respectfully submitted,

                                                OFFICER COREY WEATHERSPOON

                         BY:    s/ Wilton V. Byars, III
                                  OF COUNSEL

WILTON V. BYARS, III - BAR # 9335
wbyars@danielcoker.com
TIFFANY N. CAREY - BAR # 105550
tcarey@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
265 NORTH LAMAR BOULEVARD, SUITE R
POST OFFICE BOX 1396
OXFORD, MISSISSIPPI   38655-1396
TELEPHONE: (662) 232-8979
FACSIMILE: (662) 232-8940

**CERTIFICATE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered with the Court, and I hereby certify that I have mailed by United States Postal Service the document to the non-ECF participants. The following is a list of all counsel of record or parties regardless whether electronically notified by the Court or sent via United States Postal Service by this firm:

> Ashley N. Harris, Esq.
> Law Office of Ashley N. Harris, PLLC
> P.O. Box 461
> Leland, MS 38756
>
> Willie Griffin, Esq.
> Bailey & Griffin, P.A.
> Post Office Box 189
> 1001 Main Street
> Greenville, MS 38702-1966
>
> Daniel J. Griffith, Esq.
> Jacks | Griffith | Luciano, P.A.
> P. O. Box 1209
> 150 North Sharpe Avenue
> Cleveland, MS 38732

This, the 7th day of September, 2018.

                                                            s/ Wilton V. Byars, III
                                                            WILTON V. BYARS, III