# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**KWAITEL JACKSON**                                                         **PLAINTIFF**

**VS.**                                                        **CAUSE NO. 4:18CV181-SA-JMV**

**CITY OF LELAND, LELAND POLICE DEPARTMENT;**       **DEFENDANTS**
**MAYOR KENNY THOMAS**, Individually and in his Official
Capacity; **CHIEF BILLY BARBER**, Individually and in his
Official Capacity; **OFFICER COREY WEATHERSPOON**,
Individually and in his Official Capacity, and
**DEFENDANTS A-D**

## AUTHORITIES SUPPORTING DISMISSAL OR SUMMARY JUDGMENT
## AS TO STATE LAW CLAIMS ON IMMUNITY GROUNDS

**NOW COME** Defendants, City of Leland, Leland Police Department, Mayor Kenny Thomas, Individually and in his Official Capacity, and Chief Billy Barber, Individually and in his Official Capacity, by and through counsel, and respectfully submit these authorities pursuant to Uniform Local Rule 7(b) in support of dismissal of the instant Complaint with prejudice as to claims arising under state law pursuant to Rule 12(b)(6) or, alternatively Rule 56, *Fed. R. Civ. Proc.*

### I. BACKGROUND

After significant resistance, Plaintiff Jackson was arrested on misdemeanor and felony charges by a sworn law enforcement officer in the City of Leland in early August 2016. Jackson seeks compensatory damages for what he describes as an unlawful assault by Officer Corey Weatherspoon.[1]

**INCIDENT DATE** - "On or about August 2016" [Doc. 2, Complaint, ¶7]

---

[1] The actions here clearly fall outside the scope of the limited waiver of *Miss. Code Ann.* §§11-46-5 and 11-46-7.

1

**NOTICE OF CLAIM** - September 13, 2017

**CLAIMS** - "negligence, gross negligence, negligent hiring and retention, negligent supervision and training, intentional infliction of emotional distress, and negligent infliction of emotional distress."[2]

**MOVANTS -**   **City of Leland** - time barred and immune
**Leland Police Department** - no such entity
**Mayor Kenny Thomas -** time barred and immune
**Chief Billy Barber -** time barred and immune

**RESPECTFULLY,** the instant claims should be dismissed upon a hearing hereof based upon solid legal authority.

## II.  STANDARD

This Court reviews a Rule 12(c) motion for judgment on the pleadings using the same standards applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. See *Phillips v. City of Dallas,* 781 F.3d 772, 775–76 (5th Cir. 2015) (citing *Gentilello v. Rege,* 627 F.3d 540, 543–44 (5th Cir. 2010)).  The complaint therefore, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Edionwe v. Bailey,* 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal,* 556 U.S. at 678, 129 S. Ct. 1937).

---

[2]See *Howard v. Wilson,* 62 So. 3d 955, 957 (Miss. 2011)("If the other adjectives describing the attack are removed, the following sentence remains: Jocelyn Howard negligently attacked Lyshell Wilson with a pair of scissors.  There is no such thing as a negligent assault."); [Doc. 2], Complaint.

By adding video, this Movant has also invoked the standard for summary judgment. Thus, this Movant has the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. See *Id*. at 477 U.S. 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the non-movant to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id*. at 477 U.S. 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.,* 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. See *Scott v. Harris,* 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L.Ed. 2d 686 (2007) (internal citations omitted). "However, a non-movant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 Fed.Appx. 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany,* 507 F.3d 312, 319 (5th Cir. 2007)).

### III.  AUTHORITIES

#### A.  TIME BARRED CLAIMS

Governmental entities are subject to the provisions of the <u>Mississippi Tort Claims Act</u>. *See Miss. Code Ann.* 11-46-1 (g) & (I) (governmental entity includes the state and political subdivisions, and a political subdivision includes a municipality). The City of Leland is immune from suit because:

1.  Plaintiff did not commence this action within one year of the date of the alleged tortuous conduct. *See Miss. Code Ann.* 11-46-11(3)(a) ("All actions brought under this chapter shall

3

be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct..."). Plaintiff did not provide a notice of claim until 13 months after the incident.

    2.    Mayor Thomas and former Chief Billy Barber were acting within the course and scope of his duties as the Chief of Police for the City of Leland at the time of the incident. *See Miss. Code Ann.* 11-46-5(1) (waiver of immunity only applies for claims for money damages arising out of torts of governmental entities employees while acting within the course and scope of their employment). Moreover, any individual claims would likewise be time barred because suit was not commenced within one year.[3]

    **B.  MTCA IMMUNITY**

Codified at *Miss. Code Ann.* §11-46-9 (Rev.2002), these exemptions, when applicable, constitute "an entitlement not to stand trial rather than a mere defense to liability and, therefore, should be resolved at the earliest possible stage of litigation." *Mitchell v. City of Greenville,* 846 So.2d 1028, 1029(¶ 8) (Miss.2003) (citation omitted). Accordingly, immunity afforded by the Mississippi Tort Claims Act is a question of law. Multiple immunity provisions bar the instant claim regardless of whether you call it a tort or an implied contract claim.[4]

---

[3] See *Gilmer v. Trowbridge,* 2009 WL 4113711, at *3–4 (S.D. Miss. Nov. 23, 2009) (finding the plaintiff's claims against a sheriff's deputy for false arrest, assault and battery, and intentional infliction of emotional distress to be barred either by *Miss. Code Ann.* §15-1-35, notwithstanding the plaintiff filing a notice of claim, or by MTCA immunity).

[4] Entity immunities under *Miss. Code Ann.* §11-46-9(1) are plead by Defendant and respectfully reserved. These issues are not ripe for consideration unless and until it is determined the Movants are in fact proper defendants. Sub-Section (a) potentially applies because arrest warrants were actually issued. *Blake v. Wilson,* 962 So. 2d 705 (Miss. Ct. App. 2007). Sub-section (c) potentially applies because there was a judicial finding of probable cause regardless of the ultimate disposition. *City of Greenville v. Jones,* 925 So. 2d 106 (Miss. 2006) Sub-section (d) applies because the probable cause line of reasoning inherent in any arrest within the course and scope is discretionary. *Estate of Carr v. City of Ruleville,* 5 So. 3d 455 (Miss. Ct. App. 2008)

**NOW, THEREFORE,** these Defendants respectfully move this Court to dismiss the instant Complaint with prejudice as to claims arising under state law pursuant to Rules 12(b)(6) & 56, *Fed. R. Civ. Proc.*

Respectfully submitted, this the 7th day of September, 2018.

                                                   **JACKS GRIFFITH LUCIANO, P.A.**

                                      By:   /s/ ***Daniel J. Griffith***
                                                  Daniel J. Griffith, MS Bar No. 8366
                                                  Attorney for Defendants City of Leland, Leland Police Department, Mayor Kenny Thomas, Individually and in his Official Capacity, and Chief Billy Barber, Individually and in his Official Capacity

Of Counsel:

Jacks | Griffith | Luciano, P.A.
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
t 662-843-6171
f 662-843-6176
Email: dgriffith@jlpalaw.com
www.jlpalaw.com

---

Sub-section (f) applies because the Independent Intermediary Doctrine is subsumed by this catch-all provision.

## **CERTIFICATE OF SERVICE**

I, Daniel J. Griffith, counsel for Defendants, in the above case, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Authorities Supporting Motion to Dismiss Pursuant to* Rules 12(b)(6) & 56, *Fed. R. Civ. Proc* to be delivered via ECF filing to all counsel of record.

> Ashley N. Harris, Esq.
> Law Office of Ashley N. Harris, PLLC
> P.O. Box 461
> Leland, MS 38756
> Phone: (662) 580-5161
> Fax: (662) 580-5169
> **Attorney for Plaintiff**
>
> Willie Griffin, MS Bar #5022
> Bailey & Griffin, P.A.
> Post Office Box 189
> 1001 Main Street
> Greenville, MS 38702-1966
> **Attorney for Plaintiff**
>
> Wilton V. Byars, III, Esq.
> Tiffany Carey, Esq.
> Daniel Coker Horton Bell, P.A.
> 265 N. Lamar, Ste. R
> P.O. Box 1396
> Oxford, MS 38655
> Phone: (662) 232-8979
> Fax: (662) 232-8940
> Email: wbyars@danielcoker.com
>           tcarey@danielcoker.com
> **Attorney for Corey Weatherspoon**

FILED this 7th day of September, 2018.

>   /s/ ***Daniel J. Griffith***
>   Daniel J. Griffith