**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**KWAITEL JACKSON**                                                        **PLAINTIFF**

**VS.**                                                        **CAUSE NO. 4:18CV181-SA-JMV**

**CITY OF LELAND, LELAND POLICE DEPARTMENT;**              **DEFENDANTS**
**MAYOR KENNY THOMAS, Individually and in his Official**
**Capacity; CHIEF BILLY BARBER, Individually and in his**
**Official Capacity; OFFICER COREY WEATHERSPOON,**
**Individually and in his Official Capacity, and**
**DEFENDANTS A-D**

<u>**AUTHORITIES SUPPORTING DISMISSAL OF FEDERAL CLAIMS
AND/OR JUDGMENT ON THE PLEADINGS**</u>

      **NOW COME** Defendants, City of Leland, Leland Police Department, Mayor Kenny

Thomas, Individually and in his Official Capacity, and Chief Billy Barber, Individually and in his

Official Capacity, by and through counsel, and respectfully move this Court for a finding of

dismissal and/or judgment on the pleadings as to claims arising under federal law, to-wit:

      **1) PREMISE:** This is a time barred state court lawsuit where the Plaintiff responded 2 days

prior to the scheduled hearing with a statement attempting to raise a federal question. [**Doc. 1** at

Exhibits C, **Doc. 1-3** and D, **Doc. 1-4**].  Defendants' exercised their right to removal. [**Doc. 1**].  *It*

*is clear from the face of the Plaintiff's Complaint that Federal Claims are constitutionally*

*deficient, because they do not make any.*

      **2) INDIVIDUAL DEFENDANTS THOMAS AND BARBER** further invoke qualified

immunity.  They had no personal involvement and none is alleged.

      After significant resistance, Plaintiff Jackson was arrested on misdemeanor and felony

charges by a sworn law enforcement officer in the City of Leland in early August 2016.   Jackson

1

seeks compensatory damages for what he describes as an unlawful assault by Officer Corey Weatherspoon.[1]  To the extent dismissal is not granted, Defendants pray for a Rule 7 Reply pursuant to *Schultea v. Wood,* 47 F.3d 1427, 1433-34 (5th Cir. 1995).

**3) STANDARD:**  The standard for addressing a motion for judgment on the pleadings under Rule 12(c) is the same as that for addressing a motion to dismiss under Rule 12(b)(6).  *In re Great Lakes Dredge & Dock Co.,* 624 F.3d 201, 209–10 (5th Cir. 2010).  Thus, to survive moving Defendant's Motion, Plaintiff's Complaint must provide the grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Cuvillier v. Sullivan,* 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 553-56 (2007)).  The Complaint must allege "sufficient factual matter…to state a claim that is plausible on its face." *Id*. at 570.  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 556.  A court should <u>not</u> accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009).

**4) NATURE OF FEDERAL RIGHT IMPLICATED BY AN ARREST:**  *42 U.S.C. § 1983* imposes liability upon any person who, acting under color of state law, deprives another of federally protected rights. Section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the laws of

---

[1]The actions here clearly fall outside the scope of the limited waiver of *Miss. Code Ann.* §§11-46-5 and 11-46-7.

the United States. *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). A plaintiff cannot succeed on a § 1983 claim merely by showing any deprivation of his rights; § 1983 was intended to preserve rights protected by federal law. *Wright v. Collins*, 766 F.2d 841, 849 (5th Cir.1985).

"'[A] Fourth Amendment seizure [occurs] ... when there is a governmental termination of freedom of movement through means intentionally applied.'" S*cott v. Harris,* 550 U.S. at 381 (quoting *Brower v. County of Inyo*, 489 U.S. 593, 596–597, 109 S. Ct. 1378, 103 L. Ed. 2d 628 (1989)). "[C]laims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard...." *Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L. Ed.2d 443 (1989). To plead a § 1983 excessive force claim, "the plaintiff must allege: (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force was objectively unreasonable." *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir.2008).

The Fourth Amendment would clearly control here, but it is not alleged. Moreover, the requisite standard for excessive force is no alleged. Ultimately, relief is not asserted under §1983. Instead, Defendants are here seeking federal relief because it became readily apparent that Plaintiff sought to keep this claim lingering in State Court long enough to prevent removal.

**5) QUALIFIED IMMUNITY:**

**CLAIMS** - "negligence, gross negligence, negligent hiring and retention, negligent supervision and training, intentional infliction of emotional distress, and negligent infliction of emotional distress." *[ NOTHING FEDERAL]*

Law enforcement officials, "like other public officials acting within the scope of their official

3

duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity."
*Morris v. Dillard Dept. Stores, Inc.,* 277 F.3d 743, 753 (5th Cir. 2001). A law enforcement officer
is entitled to the cloak of qualified immunity "unless it is shown that, at the time of the incident, he
violated a clearly established constitutional right." *Mangieri v. Clifton,* 29 F.3d 1012 (5th Cir.
1994). Significantly, qualified immunity provides "ample protection to all but the plainly
incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341 (1986).

In assessing a claim of qualified immunity, courts should apply a two-part analysis. The
threshold question is "whether Plaintiff's allegations establish a constitutional violation." *Hope v.
Pelzer,* 536 U.S. 730, 736 (2002). If "no constitutional right would have been violated were the
allegations established, there is no necessity for further inquiries concerning qualified immunity."
*Saucier v. Katz,* 533 U.S. 194 (2001); see also *Pearson v. Callahan,* 129 S. Ct. 808 (2009)("order
of battle" delineated in *Saucier* is no longer mandatory). However, "if a violation could be made
out, the next sequential step is to ask whether the right was clearly established." *Id*. at 201. The
"relevant, dispositive inquiry in determining whether a right is clearly established is whether it would
be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Id*. at 202.

The purpose of qualified immunity is to protect public officials from the "burden of fighting
lawsuits which arise from the good-faith performance of their duties." *Wren v. Towe,* 130 F.3d 1154,
1159 (5th Cir. 1997). Thus, qualified immunity "is not just immunity from judgment, but rather, is
immunity from all aspects of suit." *Jacques v. Procunier,* 801 F.2d 789, 791 (5th Cir. 1986). The
qualified immunity issues in a case are "threshold" issues and must be dealt with as expeditiously
as possible and prior to resolving non-immunity issues. See *Harlow v. Fitzgerald,* 102 S.Ct. 2727,
2728 (1982); see also L. U. Civ R. 16.1(B)(4).

4

To fulfill the protective purpose of qualified immunity, the Fifth Circuit has long required more than mere "notice pleadings" when a claimant asserts a Section 1983 claim against an official in his individual capacity. *Elliott v. Perez,* 751 F.2d 1472 (5th Cir. 1985). More specifically, when an officer raises the qualified immunity defense, a complaint "must present more than bald allegations and conclusory statements." *Wicks v. Mississippi State Employment Svcs.,* 41 F.3d 991, 995 (5th Cir. 1995). In fact, a plaintiff must "allege with sufficient particularity all facts establishing a right to recovery, including facts which negate the official's immunity defense." *Wicks,* 41 F.3d at 995; see also *Nunez v. Simms,* 341 F.3d 385 (5th Cir. 2003)(holding that heightened pleading in qualified immunity cases requires plaintiffs rest complaint on more than conclusions alone); *Foster v. City of Lake Jackson,* 28 F.3d 425 (5th Cir. 1994)(burden of negating qualified immunity defense lies with plaintiff). Plaintiff "cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions." *Floyd v. City of Kenner,* 351 Fed. Appx. 890, 893 (5th Cir. 2009)(citing *Schultea v. Wood,* 47 F.3d 1427, 1433-34 (5th Cir. 1995)). Furthermore, "[h]eightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." *Reyes v. Sazan,* 168 F.3d 158, 161 (5th Cir. 1999). Plaintiff's Complaint does not meet the heightened pleading standard.

**NOW, THEREFORE,** these Defendants respectfully move this Court to dismiss the instant Complaint with prejudice pursuant to Rule 12(b)(6) & (c), *Fed. R. Civ. Proc.*

**RESPECTFULLY SUBMITTED** this the 7th day of September, 2018.

**JACKS GRIFFITH LUCIANO, P.A.**

By: ___/s/ ***Daniel J. Griffith***_____
       Daniel J. Griffith, MS Bar No. 8366
       Attorney for Defendants City of Leland, Leland Police

5

Department, Mayor Kenny Thomas, Individually and in his Official Capacity, and Chief Billy Barber, Individually and in his Official Capacity

Of Counsel:

Jacks | Griffith | Luciano, P.A.
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
t 662-843-6171
f 662-843-6176
Email: dgriffith@jlpalaw.com
www.jlpalaw.com

6

## CERTIFICATE OF SERVICE

I, Daniel J. Griffith, counsel for Defendants, in the above case, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Authorities Supporting Motion to Dismiss Federal Claims pursuant to* Rules 12(b)(6) & 56, *Fed. R. Civ. Proc* to be delivered via ECF filing to all counsel of record.

Ashley N. Harris, Esq.
Law Office of Ashley N. Harris, PLLC
P.O. Box 461
Leland, MS 38756
Phone: (662) 580-5161
Fax: (662) 580-5169
**Attorney for Plaintiff**

Willie Griffin, MS Bar #5022
Bailey & Griffin, P.A.
Post Office Box 189
1001 Main Street
Greenville, MS 38702-1966
**Attorney for Plaintiff**

Wilton V. Byars, III, Esq.
Tiffany Carey, Esq.
Daniel Coker Horton Bell, P.A.
265 N. Lamar, Ste. R
P.O. Box 1396
Oxford, MS 38655
Phone: (662) 232-8979
Fax: (662) 232-8940
Email: wbyars@danielcoker.com
       tcarey@danielcoker.com
**Attorney for Corey Weatherspoon**

FILED this 7th day of September, 2018.

/s/ **Daniel J. Griffith**
Daniel J. Griffith