IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KWAITEL JACKSON                                                                                          PLAINTIFF

V.                                                                                  CIVIL ACTION NO. 4:18-CV-181-SA-JMV

CITY OF LELAND, LELAND POLICE DEPARTMENT,
MAYOR KENNY THOMAS, CHIEF BILLY BARBER, and
OFFICER CORY WEATHERSPOON                                                                    DEFENDANTS

ORDER AND MEMORANDUM OPINION

Kwaitel Jackson originally filed his Complaint [2] in the Circuit Court of Washington County, Mississippi on April 23, 2018. In his Complaint [2], Jackson alleges that Officer Corey Weatherspoon unlawfully assaulted him, and asserts claims for negligence, negligent hiring and retention, negligent supervision and training, gross negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. The Defendants removed the case to this Court on August 31, 2018 premising jurisdiction on a federal question, primarily a claim for relief under 42 U.S.C. §1983 for violations under the Fourth and Fourteenth Amendments to the United States Constitution. *See* Notice of Removal [1].

After removal, the Defendants moved for dismissal and qualified immunity on all of Jackson's claims. Officer Weatherspoon filed a Motion for Judgment on the Pleadings and for Qualified Immunity [6]. The Municipal Defendants, Mayor Thomas, Police Chief Barber, the City of Leland, and the Leland Police Department, filed a Motion to Dismiss [8] Jackson's state law claims, and a separate Motion to Dismiss [10] Jackson's Federal claims against them.

In response, Jackson filed a Motion to Remand [19] the case back to the Circuit Court. The Defendants' filed a Response [23] in opposition to remand, to which Jackson failed to reply. With all the deadlines now passed, these issues are ripe for review. *See* L. U. CIV. R. 7(b).

The Court will take up the remand issue first. *See McCasland v. City of Castroville, Tex.*, 478 F. Appx. 860 (5th Cir. 2012) (per curiam) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Morgan v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)).

*Factual and Procedural Background*

In his Complaint [2], Plaintiff Jackson alleges the following facts:

> On or about August 2016, Plaintiff Kwaitel Jackson was patronizing McCray's Grocer, aka Fox Store, in Leland Mississippi when he was bombarded by Officer Corey Weatherspoon. Officer Weatherspoon unlawfully assaulted Jackson by striking him to the eye and body with brass knuckles and slamming him to the concrete floor. At the time of this unprovoked, unlawful assault, Plaintiff Jackson was not breaking any laws and there was no warrant for his arrest.

Jackson then goes on to describe his damages, and as noted above, asserts the following six claims: negligence, negligent hiring and retention, negligent supervision and training, gross negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Plaintiff Jackson argues that the Court should remand this case back to the Circuit Court because the Defendants did not remove the case within the 30-day time limit required by the removal statute, 28 U.S.C. §1446(b)(1). The relevant part of the statute states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. §1446(b)(1). It is undisputed in this case the Defendants did not remove the case within 30 days of service.

The Defendants argue that there was no basis for federal jurisdiction present on the face of the Complaint [2], and that Jackson did not reference the Constitution, any constitutional violations, or any federal question. According to the Defendants, they were not aware of any constitutional claims, or any basis for federal jurisdiction, until Jackson served them with his Supplemental Response [1-3] to the Motion to Dismiss they filed in the Circuit Court. Jackson filed his Supplemental Response [1-3] in the Circuit Court on August 29, 2018. The Defendants removed the case to this Court two days later, on August 31, 2018, and rely on 28 U.S.C. §1446(b)(3) to support their argument that removal was timely. The relevant part of that code section states:

> . . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. §1446(b)(3). The Defendants argue that Jackson's Supplemental Response is an "other paper" as contemplated by the statute, and upon which removal is proper.

As noted above, Jackson's Complaint does not mention the Constitution, any federal statute, or any federal right. The Complaint does mention a "disregard for the rights of the Plaintiff", and that "the acts and/or omissions of the defendants constituted egregious conduct to Plaintiff; that caused or contributed to the Plaintiff's damages and violated Plaintiff's rights".

In contrast, Jackson's Supplemental Response does specifically reference the Constitution and violations of constitutional rights. Among other things, the Supplemental Response states: "Defendants wholly ignore the multitude of constitutional claims raised by Plaintiff and pled in his complaint", "In the Complaint, the Plaintiff alleges claims arising under the Constitution and law of the United States", and "Plaintiff clearly alleges in the Complaint that when Weatherspoon

attacked him, he while acting under the authority granted by Leland, deprived Plaintiff of rights, privileges and immunities secured by the Constitution and laws of the United States." *See* Supplemental Response [1-3].

Relative to the issue of remand, the questions before the Court are, whether the allegations in the Jackson's Complaint were sufficient to put the Defendants on notice of the presence of federal jurisdiction, and if not, whether the Supplemental Response qualifies as an "other paper" as contemplated by the removal statute, making removal of this case timely. *See* 28 U.S.C. §1446(b)(3).

*Removal: Discussion and Analysis*

The Fifth Circuit Court of Appeals recently addressed a similar situation in *Quinn v. Guerrero*, 863 F.3d 353, 358–59 (5th Cir. 2017), *cert. denied,* 138 S. Ct. 682, 199 L. Ed. 2d 537 (2018). In that case, the Court began its analysis by explaining that "Federal courts are courts of limited jurisdiction, having the power to hear only cases that present a federal question or are between citizens of different states. *Id.* (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006)). In this case, just like in *Quinn*, the Parties are not diverse, so removal jurisdiction must be based on a federal question. To support a removal based on a federal question, "the plaintiff's federal question must appear on the face of his well-pleaded complaint. *Id.* at 359 (citing *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008)). "The plaintiff need not specifically cite a federal provision such as Section 1983, *Johnson v. City of Shelby*, —— U.S. ——, 135 S. Ct. 346, 346–47, 190 L. Ed. 2d 309 (2014) (per curiam), but he must allege facts sufficient to establish a colorable issue of federal law." *Id.*, (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391–92, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)). "[T]he plaintiff [is] the master of the claim," so he may confine his arguments to those arising under state law even

if federal claims are available. *Id*. (citing *Caterpillar*, 482 U.S. at 392, 107 S. Ct. 2425). "If he so chooses, there is no basis for federal jurisdiction." *Id*. "Further, anticipation of a federal defense is insufficient to establish federal-question jurisdiction. *Id*. (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328 (5th Cir. 2008)).

As noted above, if an action brought in state court could have been brought in federal court originally, the defendant may remove the case to federal district court. 28 U.S.C. § 1441(a). Ordinarily, the defendant may remove within 30 days of receiving a pleading showing the case is removable. *Id*. § 1446(b). If the case is not initially removable, the defendant may remove within 30 days after receipt of a pleading or other paper that shows the case has become removable. *Id*.

In *Quinn*, the Court found that plaintiff's original petition

> does not specifically list any federal causes of action or make any claims under federal law. Despite vague references to excessive force and the United States Constitution, Quinn alleged only assault, battery, intentional infliction of extreme mental anguish, conspiracy, and negligence—all state-law claims. In fact, his only explicit reference to federal law concerned immunities the defendants may claim under the federal constitution or the Eleventh Amendment. Quinn's original complaint did not establish federal-question jurisdiction.

*Quinn*, 863 F.3d at 359 (internal quotations omitted). In this case, as noted above, Jackson's Complaint does not mention the Constitution, any federal statute, or any federal right. The Complaint merely mentions a "disregard for the rights of the Plaintiff", and that "the acts and/or omissions of the defendants constituted egregious conduct to Plaintiff; that caused or contributed to the Plaintiff's damages and violated Plaintiff's rights".

Comparing the Complaint in this case to the *Quinn* Plaintiff's allegations, the Court finds that the allegations in the Jackson's Complaint contain even fewer references to federal rights, and

zero references to the Constitution. Based on this finding, the Court concludes that no federal question, and thus no basis for federal jurisdiction, appears on the face of Jackson's Complaint.

As to the Defendants' unopposed argument that Jackson's Supplemental Response is an "other paper" as contemplated by § 1446(b)(3), other courts have qualified similar documents as "other paper[s]" in the same context so long as the "other paper" was produced through a voluntary act by the plaintiff. *See Hammann v. U.S. Auto. Ass'n.*, No. CIV. A. SA-04-CA-0406, 2005 WL 354315, at *6 (W.D. Tex. Jan. 18, 2005) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) ("the 'other paper' conversion [provided in 28 U.S.C. § 1446(b)] requires a *voluntary act by the plaintiff.*") (emphasis in original; internal citations omitted)); *see also Harden v. Field Mem'l Cmty. Hosp.*, 516 F. Supp. 2d 600, 608 (S.D. Miss. 2007), *aff'd*, 265 F. Appx. 405 (5th Cir. 2008) (citing *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 212 (5th Cir. 2002) (finding a response to a request for admission considered an "other paper" within the meaning of § 1446(b)); *Maheshwari v. Univ. of Texas-Pan Am.*, 460 F. Supp. 2d 808, 812 (S.D. Tex. 2006) (finding that Plaintiff's Answers to Defendant's First Set of Interrogatories was first document from which removability could be ascertained). Based on these precedents, the Court finds that the Supplemental Response in this case, voluntarily produced by Jackson, is an "other paper" as contemplated by §1446(b)(3).

Because the Court finds above that no federal question, and thus no basis for federal jurisdiction, appears on the face of Jackson's Complaint, the filing of Jackson's Supplemental Response was the first notice that the Defendants had of the presence of a federal question in this case. Based on these findings, and all of the relevant law and precedent, the Court holds that the removal of this case was timely, and Plaintiff Jackson's Motion to Remand [19] is denied.

*Dispositive Motions*

Because the Court is now convinced that it has jurisdiction over this case, the Court turns to the dispositive Motions filed by the Defendants.[1] At the outset, the Court notes that, as an alternative request for relief, the Defendants requested that the Court require a *Schultea* reply from the Plaintiff, in the event that dismissal is not warranted.

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations.

*Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). In part because of the way this case developed procedurally, the Court finds that some manner of additional pleading is appropriate.

The Court finds that Jackson's state court Complaint does not contain enough information about Jackson's federal claims to allow a responsive pleading to be framed, nor to allow the Court to rule on the present Motions. Jackson's Complaint fails to adequately link his causes of action to their attendant factual predicates, running afoul of Federal Rule of Civil Procedure 12(e). *See Burkhart v. Tecnocap, LLC*, 2012 WL 32923, *2 (N.D. W. Va. 2012) (citing Wright & Miller, 5B FED. PRAC. & PROC. CIV. § 1356) (pleading that satisfies more liberal pleading standards to survive Rule 12(b)(6) motion still may be properly challenged as vague under Rule 12(e)); *see also Michael*, 2015 WL 728516, at *6 (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006) (District courts have a "supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates.")). In such cases, the proper remedy is a

---

[1] Weatherspoon filed a Motion for Judgment on the Pleadings and for Qualified Immunity [6]. The Municipal Defendants, Mayor Thomas, Police Chief Barber, the City of Leland, and the Leland Police Department, filed a Motion to Dismiss [8] Jackson's state law claims, and a separate Motion to Dismiss [10] Jackson's Federal claims.

motion for a more definite statement under Rule 12(e), or an order allowing the Plaintiff to amend. *See Michael v. Boutwell*, No. 3:14-CV-00116-DMB, 2015 WL 728516, at *6 (N.D. Miss. Feb. 19, 2015) (describing problems with complaints that fail to adequately link factual allegations to claims, and appropriate procedural solutions); *see also Clinton v. Johnson*, No. 3:13-CV-871-DCB, 2014 WL 575295, at *2–3 (S.D. Miss. Feb. 11, 2014) (same).

For these reasons, Defendant Weatherspoon's Motion for Judgment on the Pleadings and for Qualified Immunity [6], as well as the Municipal Defendants, Motions to Dismiss [8, 10] are denied as moot. The Plaintiff has fourteen days from the entry of this order to file an amended complaint to state more specifically (for each claim he alleges): (1) the nature of the claim, (2) the elements of the claim, and (3) the factual basis for each of the elements of the claim. *See Beanal v. Freeport–McMoran, Inc.*, 197 F.3d 161, 163 (5th Cir. 1999) (approving the district court's *sua sponte* allowance of an amendment under Rule 12(e) where the plaintiff originally failed to plead with sufficient clarity); *see also Schultea*, 47 F.3d at 1433.

*Conclusion*

For all of the reasons fully explained above, Plaintiff Jackson's Motion to Remand [19] is DENIED. The Court, on its own motion, ORDERS the Plaintiff to file a more definite statement by May 14, 2019 pursuant to Federal Rule of Civil Procedure 12(e). Failure to file an amended pleading as directed may result in the Court striking the Plaintiff's Complaint [1] or dismissing the case. *See* FED. R. CIV. P. 12(e). The Defendants' dispositive Motions [6, 8, 10] are DENIED *without prejudice* as MOOT.

It is so ORDERED, on this the 30th day of April, 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT COURT JUDGE